## CIRCUIT COURT OF LOUDOUN COUNTY

Richard C. Zugg

v.

Virginia Employment
Commission et al.

December 1, 2003

Case No. (Chancery) 23275

BY JUDGE JAMES H. CHAMBLIN

On September 23, 2003, Richard C. Zugg, Petitioner, filed his Petition for Judicial Review of the decision of the Virginia Employment Commission from a hearing on August 14, 2003. The Decision of the Commission mailed on September 3, 2003, affirmed the decision of the Appeals Examiner, which reversed the decision of the Deputy, who found the Petitioner had qualified for unemployment benefits effective June 9, 2002. The Petition for Judicial Review raises one issue for this Court to determine, namely, whether the Commission erred in its interpretation of Va. Code § 60.2-620(A) and § 60.2-633(A) requiring the Petitioner to repay all benefits paid to him prior to the decision (redetermination) of the Appeals Examiner. The Virginia Employment Commission, through its counsel, the Attorney General of Virginia, filed an answer and, at the request of the Court, filed a response.

For the reasons that follow, the Decision of the Commission is affirmed.

### Facts

Petitioner began employment with Verio Operating, Inc., Sterling, Virginia ("Verio"), which is located in Loudoun County, on August 7, 2000, as a systems administrator. Verio is a certified secured data center with security guards posted at the entrance to check bags and other containers brought by employees to and from work, and employees go to seminars where security procedures are reviewed. Furthermore, Verio provided Petitioner with the Verio Associate Handbook (January 1, 2000).

On June 11, 2002, Petitioner removed from company premises and without authority a hard drive from the server used by an employee who was discharged the day before. On June 12, 2002, Petitioner was given a Separation Notice detailing that the separation was involuntary for cause and further explaining that the reason was for theft of company property, removal of property from the premises without following proper procedures.

. Petitioner filed for unemployment benefits on July 24, 2002, and was notified of the decision of the Deputy that he qualified for unemployment compensation effective June 9, 2002. The notice includes the following:

> You were discharged from your job with the above noted employer on June 13, 2002, for your poor job performance. You performed your job to the best of your ability. You believed you were discharged because you removed a hard disk from your employer's computer. Your employer stated that that was not the reason for separation.

An agent for Verio timely filed an appeal of the decision of the Deputy, and a hearing by the Appeals Examiner was held on March 5, 2003. At the hearing, the decision of the Deputy was reversed. The Appeals Examiner found the Petitioner was discharged for misconduct connected with his work and that the explanation of the Petitioner was insufficient to mitigate his behavior. The Appeals Examiner found the Petitioner was disqualified for benefits effective June 9, 2002, and instructed the Deputy to "calculate what benefits may have been paid to the [Petitioner] after the effective date of disqualification or between the dates of ineligibility, which will become an overpayment which he will be liable to repay this Commission."

Petitioner was paid benefits totaling $9,568.00 for the week beginning June 22, 2002, through the week ending January 4, 2003.

On April 4, 2003, Petitioner timely filed an appeal of the decision of the Appeals Examiner based on two issues: (1) that the Petitioner was dismissed without cause and (2) that the interpretation of § 60.2-619(E) with § 60.2-620(A) and § 60.2-633 of the Code of Virginia relieve Petitioner from repaying benefits paid prior to the redetermination of the Appeals Examiner. The Decision of the Commission from a hearing on August 14, 2003, affirmed the decision of the Appeals Examiner.

*Legal Analysis*

Section 60.2-625 of the Code of Virginia, sets forth the standard of judicial review for appeals from a Decision of the Commission. This Court finds that all appeals have been timely and properly filed, the Petitioner was

last employed in Loudoun County, the Commission has properly filed with the Court all documents and papers with a transcript of all testimony taken in the matter together with its findings of fact and decision, and that this Court has jurisdiction over this matter.

The Petitioner argues that he is not liable to repay benefits because the Deputy initially found he was entitled to unemployment compensation. The determination of the Deputy was final unless a notice of appeal was filed by September 13, 2002. The provisions of § 60.2-620(A), provide an appeal tribunal with the jurisdiction to affirm, set aside, reverse, modify, or alter findings of fact and the decision of the Deputy and may enter a decision with respect to the claim as the appeal tribunal finds should have been entered. An appeal on behalf of Verio was filed on September 13, 2002, and the Appeals Examiner reversed the decision of the Deputy and disqualified Petitioner from receiving benefits effective June 9, 2002, for misconduct connected with work. An appeal on behalf of the Petitioner was filed on April 9, 2003. The Commission affirmed the decision of the Appeals Examiner.

The Court must consider the evidence in the light most favorable to the finding by the Commission, *Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626 (1987). Upon review of the decisions of the Commission and the transcripts filed, the evidence supported the factual findings of the Commission and there is no evidence of fraud. The decision of the Commission finding the Petitioner not entitled to benefits as of June 9, 2002, for misconduct connected with work was not made a ground for judicial review and, therefore, is not subject to appeal in this Court.

Section 60.2-619(E) directs procedurally the treatment of claims, appeals, decisions, redeterminations, and the payment of benefits, beginning with the lower level decision of the Deputy. Benefits paid pending any appeal remain unaffected, unless or until a redetermination or reversal, in which event benefits would be paid or denied, but only thereafter and in accordance with the modifying or reversing decision. Section § 60.2-620(A) provides that no order or decision shall affect benefits already paid *except* in accordance with the provisions of § 60.2-633. The first line of § 60.2-633(A) addresses the exception, namely, that any person who has received any sum as benefits under this title to which he was not entitled shall be liable to repay such sum to the Commission. The Petitioner was disqualified to receive benefits for misconduct connected with work and was not entitled to benefits as of June 9, 2002. He is the very exception carved from § 60.2-633. Petitioner is, therefore, liable to repay such sum to the Commission.

For these reasons, the decision of the Commission is affirmed.